## Case No. 17,230.

### WASHINGTON v. LASKY.

[5 Cranch, C. C. 381.] [1]

Circuit Court, District of Columbia. Nov. Term, 1837.

CORPORATION OF WASHINGTON—CHARTER POWERS.

The corporation of Washington, under its charter, has power to prohibit ordinary keepers to sell spirituous liquors to free colored persons.

Appeal from the judgment of Mr. Coote, a justice of the peace, who nonsuited the corporation in an action of debt for a penalty of twenty dollars; "for that the said Lucy Lasky, the keeper of a tavern or ordinary, in the third ward, at the city of Washington, did sell, or permit to be sold, spirituous liquors to slaves or other persons of color, on Sundays, and other days, between sunset and

[1] [Reported by Hon. William Cranch, Chief Judge.]

sunrise on the 4th instant, and at divers other times, contrary to the act or acts of the said mayor, &c., on that subject made and provided." By the by-law of November 5, 1832, § 8 (Rothwell, 263), it is enacted, "That all keepers of ordinaries or taverns, shall be, and they are hereby prohibited from selling spirituous liquors to slaves, or other persons of color, on Sundays, and other days between sunset and sunrise; and any keeper of a tavern or ordinary, who shall sell, or permit to be sold, any spirituous liquors, in violation of this prohibition, shall, on conviction for the first offence, be fined twenty dollars; and for the second offence, forfeit his license, which shall be annulled by the mayor."

CRANCH, Chief Judge. The question submitted, as I understand it, is, whether under the power given by the 7th section of the charter of 1820, to provide for licensing, taxing, and regulating ordinaries and taverns, the corporation can prohibit licensed tavernkeepers to sell spirituous liquors to free colored persons, there being no like prohibition to sell to white persons, to wit: Can the corporation, in this respect, lawfully discriminate between white and colored persons? I am of opinion that, under the power to provide for licensing, taxing, and regulating ordinaries and taverns, the corporation has power to prohibit the sale of spirituous liquors to colored persons of all descriptions, free or bond, young or old, or to minors, apprentices, servants, hack-drivers, porters, &c., whether white or colored.

MORSELL, Circuit Judge, concurred; but for the informality and uncertainty of the charge in the warrant,

THE COURT (THRUSTON, Circuit Judge, absent) affirmed the judgment.